In re PLUMBING FIXTURE CASES.

No. 3.

Judicial Panel on Multidistrict
Litigation.

Sept. 13, 1968.

The Judicial Panel on Multidistrict Litigation, Alfred P. Murrah, Chairman, transferred multidistrict plumbing fixture private antitrust cases for coordinated pretrial proceedings to Eastern District of Pennsylvania, where two cases in that district were fairly representative of litigation and judge of that district had actively conducted pretrial proceedings and had adopted comprehensive discovery schedule and as result of intervention the two actions in that district involved more claims for relief than were involved in any other district.

Order accordingly.

Courts ⟐277.2

Federal Civil Procedure ⟐9

Multidistrict plumbing fixture private antitrust cases were transferred for coordinated or consolidated pretrial proceedings to Eastern District of Pennsylvania, where two cases in that district were fairly representative of litigation and judge of that district had actively conducted pretrial proceedings and had adopted comprehensive discovery schedule and as result of intervention the two actions in that district involved more claims for relief than were involved in any other district. 28 U.S.C.A. § 1407.

———◆———

MEMORANDUM AND ORDER

ALFRED P. MURRAH, Chairman.

This matter came on for consideration on the 8th day of August, 1968, pursu-

ant to Panel order on the joint motion of eight defendants in 39 treble damage actions pending in 8 different United States district courts to transfer these actions "to one United States district court for the purpose of coordinating or consolidating pretrial proceedings * * *" under Section 1407, Title 28, United States Code. The motion further requested that "the Western District of Pennsylvania be designated as the transferee district court * * *." A schedule of the actions affected by the motion is attached hereto and marked Schedule A. The order setting the matter for hearing provided that the Panel would also consider on its own initiative transfer of these actions to a district court other than the Western District of Pennsylvania.

The 39 actions are based upon two alleged criminal conspiracies charged in two separate indictments (Nos. 66–295 and 66–296) returned in the Western District of Pennsylvania. In each of the actions, damages are claimed to have resulted from alleged antitrust violations in the manufacture and sale of certain plumbing fixtures.

Two of the civil actions (Nos. 41773 and 41774) are pending in the Eastern District of Pennsylvania before the Honorable John W. Lord, Jr. These two cases are based in part upon both of the alleged criminal conspiracies in the Western District of Pennsylvania and are fairly representative of the litigation. Judge Lord has actively conducted pretrial proceedings in these cases and has adopted a comprehensive discovery schedule. As a result of intervention the two actions in the Eastern District of Pennsylvania now involve more claims for relief than are involved in any other district.

After hearing argument of counsel, and considering all relevant factors, the Panel is of the opinion that because of the commonality of many of the principal factual issues, the geographical ac-

cessibility of Philadelphia to Pittsburgh where the criminal proceedings are pending, the relatively advanced discovery in the Eastern District of Pennsylvania and the availability there of an experienced Judge well acquainted with the litigation, it would best serve the convenience of the parties and witnesses, and promote the just and efficient conduct of the affected cases to transfer the 37 affected actions pending in other districts to the Eastern District of Pennsylvania and to the Honorable John W. Lord, Jr., for all pretrial proceedings under Section 1407, Title 28, United States Code. The transferee court, through Chief Judge Thomas J. Clary, has consented to the transfer of all these cases to the Eastern District of Pennsylvania. Judge Lord is able and willing to undertake and coordinate pretrial proceedings in these 39 cases.

Seven of the defendants, referred to as the "short-line" defendants in some of these cases including the two cases pending in the Eastern District of Pennsylvania, object to the consolidated discovery proceedings on the grounds that the civil actions are based upon two separate criminal conspiracies; that the so-called "short-line" defendants are parties to only 18 of the 39 civil actions in only four jurisdictions arising out of conspiracy No. 66-296; that the discovery is not therefore common to all cases; and that it would be prejudicial to these defendants to coordinate the discovery proceedings with the other cases to which they are not parties and have no interest. The plea is that the cases involving the so-called "short-line" defendants should remain in the jurisdictions where they are presently pending.

It does appear that the actions against the eight moving defendants arise out of a separate conspiracy alleged in a separate indictment. But they are not unrelated to the actions wherein the "short-line" defendants are parties. In these civil actions there are

questions of fact common to the 39 actions on economic, technical and conspiratorial issues. The civil actions pending in the Eastern District of Pennsylvania involve alleged conspiracies based upon both indictments in the Western District of Pennsylvania, and it therefore seems appropriate to transfer all the cases to the Eastern District of Pennsylvania, leaving to the transferee judge the sole power to determine in his discretion the order and procedures for conducting separate pretrial procedures in respect to the separate alleged conspiracies.

For the foregoing reasons, the motion to transfer the subject cases to one district for coordinated pretrial proceedings will be granted. But insofar as the motion requests that the Western District of Pennsylvania be designated as the transferee court, it will be denied. Instead, on the initiative of the Panel and on oral motion of counsel for the parties in some of the cases, all of the cases involved here will be transferred to the Eastern District of Pennsylvania.

It is therefore ordered that the joint motion of eight defendants be, and it is hereby, granted insofar as it requests transfer of the 37 civil treble damage actions pending in districts other than the Eastern District of Pennsylvania (listed in Schedule A attached) to one United States District Court for the purpose of coordinated or consolidated pretrial proceedings. It is further

Ordered that the motion be, and it is hereby denied insofar as it requests that the Western District of Pennsylvania be designated as the transferee district court. It is further

Ordered that the 37 treble damage actions pending in districts other than the Eastern District of Pennsylvania and listed in Schedule A hereto attached be, and they are hereby, transferred on the initiative of the Panel under Section

IN RE PLUMBING FIXTURE CASES
Cite as 295 F.Supp. 33 (1968)

1407 of Title 28, United States Code, to the Honorable John W. Lord, Jr., of the Eastern District of Pennsylvania and to the Eastern District of Pennsylvania, all with the consent in writing of the transferee court attached hereto.

---

## SCHEDULE A

### Northern District of California

| | |
|---|---|
| Eastland Construction Co. v. American Radiator & Standard Sanitary Corp., et al. | Civil Action No. 46162 |
| Eastland Construction Co. v. Crane Co., et al. | Civil Action No. 46163 |
| Volk-McLain Communities, Inc. v. Crane Co., et al. | Civil Action No. 46811 |
| Volk-McLain Communities, Inc. v. American Radiator & Standard Sanitary Corp., et al. | Civil Action No. 46812 |
| Sheldon L. Pollack Corp. v. American Radiator & Standard Sanitary Corp., et al. | Civil Action No. 46924 |
| Hadley Cherry, Inc. v. Crane Co., et al. | Civil Action No. 48271 |
| Hadley Cherry, Inc. v. American Radiator & Standard Sanitary Corp., et al. | Civil Action No. 48273 |
| Paul A. Weisberg v. American Radiator & Standard Sanitary Corporation, et al. | Civil Action No. 48765 |
| Abrams Construction Co., Inc. v. American Radiator & Standard Sanitary Corporation, et al. | Civil Action No. 48766 |
| David M. Chelimsky v. American Radiator & Standard Sanitary Corporation, et al. | Civil Action No. 48767 |

Northern District of California—Continued

| | |
|---|---|
| David A. Kohl d/b/a David A. Kohl Construction Co.<br>v.<br>American Radiator & Standard Sanitary Corporation, et al. | Civil Action No. 48768 |
| Arthur B. Moss and Jerome G. Moss<br>v.<br>American Radiator & Standard Sanitary Corporation, et al. | Civil Action No. 48769 |
| Seacrest Co., a Partnership<br>v.<br>Crane Co., et al. | Civil Action No. 48770 |
| Seacrest Co., a Partnership<br>v.<br>American Radiator & Standard Sanitary Corporation, et al. | Civil Action No. 48771 |
| Security Builders, a limited partnership<br>v.<br>American Radiator & Standard Sanitary Corporation, et al. | Civil Action No. 48772 |
| Stabler Construction Co., Inc.<br>v.<br>American Radiator & Standard Sanitary Corporation, et al. | Civil Action No. 48773 |
| R. A. Watt Company, Inc.<br>v.<br>American Radiator & Standard Sanitary Corporation, et al. | Civil Action No. 48774 |
| R. A. Watt Company, Inc.<br>v.<br>Crane Co., et al. | Civil Action No. 48775 |
| David M. Chelimsky<br>v.<br>Crane Co., et al. | Civil Action No. 48801 |
| Abrams Construction Co., Inc.<br>v.<br>Crane Co., et al. | Civil Action No. 48802 |
| David A. Kohl d/b/a David A. Kohl Construction Co.<br>v.<br>Crane Co., et al. | Civil Action No. 48803 |
| Arthur B. Moss and Jerome G. Moss<br>v.<br>Crane Co., et al. | Civil Action No. 48804 |

IN RE PLUMBING FIXTURE CASES
Cite as 255 F.Supp. 35 (1968)

### Northern District of California—Continued

| | |
|---|---|
| Stabler Construction Co., Inc.<br>v.<br>Crane Co., et al. | Civil Action<br>No. 48805 |
| Paul A. Weisberg<br>v.<br>Crane Co., et al. | Civil Action<br>No. 48806 |
| The State of California and the Regents<br>of the University of California<br>v.<br>American Radiator & Standard Sanitary<br>Corporation, et al. | Civil Action<br>No. 48994 |
| The State of Illinois, its Departments, Divisions, Agencies and Political Subdivisions<br>v.<br>American Radiator & Standard Sanitary<br>Corporation, et al. | Civil Action<br>No. 49004 |
| The State of West Virginia<br>v.<br>American Radiator & Standard Sanitary<br>Corporation, et al. | Civil Action<br>No. 49005 |
| Millagee Investment Co., Inc.<br>v.<br>American Radiator & Standard Sanitary<br>Corporation, et al. | Civil Action<br>No. 49368 |

### Eastern District of Pennsylvania

| | |
|---|---|
| The Philadelphia Housing Authority<br>v.<br>American Radiator & Standard Sanitary<br>Corporation, et al. | Civil Action<br>No. 41773 |
| Lindy Bros. Builders, Inc., et al.<br>v.<br>American Radiator & Standard Sanitary<br>Corporation, et al. | Civil Action<br>No. 41774 |

### Western District of Pennsylvania *

| | |
|---|---|
| Montefiore Hospital<br>v.<br>American Radiator & Standard Sanitary<br>Corporation, et al. | Civil Action<br>No. 67–1315 |

* A criminal and a civil action instituted by the United States are also pending
in the Western District of Pennsylvania: Criminal Action No. 66–205 and Civil
Action No. 66–1184.

38                    296 FEDERAL SUPPLEMENT

### District of Columbia

Federal West Joint Venture Limited Part-          Civil Action
nership                                           No. 2812-67
v.
American Standard, Inc., et al.

### Northern District of Illinois (Eastern Division)

S. Harvey Klein, Trustee in Bankruptcy           68 Civil Action
for Sumner Sollett Company, Bank-               No. 77
rupt
v.
American Standard Inc., et al.

Edward Limperis, Trustee in Bankruptcy           68 Civil Action
for Dover Construction Company, et al.          No. 78
v.
American Radiator & Standard Sanitary
Corp., et al.

S. Harvey Klein, Trustee in Bankruptcy           68 Civil Action
for Foremost Home Improvements, Inc.,           No. 79
Bankrupt
v.
American Radiator & Standard Sanitary
Corp., et al.

### Southern District of New York

The State of New York                            68 Civil Action
v.                                              No. 2036
American Radiator & Standard Sanitary
Corp., et al.

New York State Thruway Authority                 68 Civil Action
v.                                              No. 2037
American Radiator & Standard Sanitary
Corporation, et al.

### Western District of Washington

State of Washington                              Civil Action
v.                                              No. 7749
American Radiator & Standard Sanitary
Corporation, et al.

### District of Minnesota (Fourth Division)

The State of Minnesota                           Civil Action
v.                                              No. 4-68-181
American Standard Inc., et al.

IN RE PLUMBING FIXTURE CASES.

No. 3.

Judicial Panel on Multidistrict Litigation.
Dec. 26, 1968.

The Judicial Panel on Multidistrict Litigation transferred three plumbing fixture private civil antitrust cases for coordinated or consolidated pretrial proceedings to the Eastern District of Pennsylvania where three cases were filed subsequent to hearing transferring 37 other cases to the Eastern District of Pennsylvania and where all defendants urged that cases be so transferred and no response was received from plaintiffs and many of factual issues present were common to each other and to questions present in actions previously consolidated for pretrial purposes.

Order accordingly.

**Courts** ⊂⊃277.2
Three plumbing fixture private antitrust cases which were filed after prior hearing ordering 37 cases transferred for coordinated or consolidated pretrial proceedings to the Eastern District of Pennsylvania where all defendants urged that cases be transferred and where many of factual issues present were common to each other and to questions present in actions previously consolidated. 28 U.S.C.A. § 1407.

———————

Before ALFRED P. MURRAH, Chairman and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

On September 13, 1968 after notice and hearing, we ordered thirty-seven cases pending in other districts transferred for pretrial proceedings pursuant to 28 U.S.C. § 1407 to the United States District Court for the Eastern District of Pennsylvania and, with the consent of the Chief Judge of that court, assigned them to the Honorable John W. Lord, Jr. In re Multidistrict Civil Antitrust Actions Involving Plumbing Fixtures. 295 F.Supp. 33 (Judicial Panel on Multidistrict Litigation, 1968).

The three cases listed on Schedule C were filed after the August 8, 1968 hearing and were therefore not included in the September 13, 1968 order. On November 18, 1968 we ordered the parties in these three cases to show cause why the cases should not be transferred to the Eastern District of Pennsylvania without further hearing for the reasons expressed in our September 13th memorandum and order. All defendants responded to this order and urged that the cases be transferred to the Eastern District of Pennsylvania. No response was received from any of the plaintiffs; they have not opposed the transfer nor have they requested a hearing.

Many of the factual issues present in these three actions are not only common to each other but are clearly common to the questions present in the actions previously consolidated for pretrial purposes. We are satisfied that the transfer of these three cases to the Eastern District of Pennsylvania will be for convenience of parties and witnesses and will promote the just and efficient conduct of them and the related cases previously transferred to or initially filed in that court.

IT IS THEREFORE ORDERED that the treble damage actions listed on Schedule C be and they are hereby transferred to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings and with the consent of that court heretofore filed with the Clerk of the Panel, assigned to the Honorable John W. Lord, Jr.

SCHEDULE C

Northern District of California

1. Kenneth Q. Volk and Robert B. McLain v. American Radiator & Standard Sanitary Corp., et al. — Civil Action No. 49928

2. Kenneth Q. Volk & Robert B. McLain v. Crane Co., et al. — Civil Action No. 49929

3. Macco Realty Co. v. American Radiator & Standard Sanitary Corp., et al — Civil Action No. ___

In re PLUMBING FIXTURE CASES.
No. 3.

Judicial Panel on Multidistrict Litigation.

Dec. 27, 1968.

The Judicial Panel on Multidistrict Litigation, William H. Becker, Judge of the Panel, transferred without condition to Eastern District of Pennsylvania nine multidistrict civil treble damage antitrust actions involving plumbing fixtures despite contentions by one plaintiff in one of the actions that conditions should be imposed that class action questions be reserved for determination after transfer by transferor court and secondly that discovery which had been agreed on or which had been ordered by transferor court should be completed.

Order accordingly.

Edward Weinfeld, Judge of the Panel, dissented in part.

1. Federal Civil Procedure ⬤9

On granting transfer of plumbing fixture private treble damage antitrust action which had been brought as a class action, there should not be separation of class action issues under reservation to transferor court of power to determine class action issues.

2. Courts ⬤277.2

Absent argument by plaintiff wishing to have conditions imposed on trans-

fer of action to another court for pretrial proceedings that Panel should use its discretion or should forbear use of its statutory powers on principles of comity, plaintiff's contention that Panel had no power to transfer class action issue involved in the action presented questions of construction of statute authorizing transfer. Fed.Rules Civ.Proc. rule 23, 28 U.S.C.A.; 28 U.S.C.A. §§ 1407, 1407(a).

3. Statutes ⬤217.4

In construing statutes language should be examined first and if language is clear, words plain and meaning clear, legislative history need not be resorted to for construction.

4. Federal Civil Procedure ⬤9

Judicial Panel on Multidistrict Litigation does not have power to require completion of discovery underway or such discovery as parties have agreed to or which has been ordered by transferor court in connection with transferring action to another district for pretrial proceedings. Fed.Rules Civ.Proc. rule 23, 28 U.S.C.A.; 28 U.S.C.A. §§ 1407, 1407 (a).

5. Federal Civil Procedure ⬤9

Pretrial powers of transferee court after action has been transferred for pretrial proceedings include powers to modify, expand, or vacate earlier discovery orders. Fed.Rules Civ.Proc. rule 16, 28 U.S.C.A.; 28 U.S.C.A. § 1407.

**6. Federal Civil Procedure ⟨⟩=9**

Judicial Panel on Multidistrict Litigation has neither the power nor the disposition to direct transferee judge on transfer of action for pretrial proceedings in exercise of his powers and discretion in pretrial proceedings. 28 U.S.C.A. § 1407.

**7. Courts ⟨⟩=277.2**

Remedial aim of statute permitting transfer of action for pretrial proceedings is to eliminate potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions. 28 U.S.C.A. § 1407.

**8. Courts ⟨⟩=277.2**

It is in field of class action determinations in related multidistrict civil actions that potential for conflicting, disorderly, chaotic judicial action is the greatest. Fed.Rules Civ.Proc. rule 23, 28 U.S.C.A.

**9. Courts ⟨⟩=277.2**

Intent of statute permitting transfer of action for pretrial proceedings is to invest transferee court with exclusive powers, after transfer, to make pretrial determinations of class action questions. Fed.Rules Civ.Proc. rule 23, 28 U.S.C.A.; 28 U.S.C.A. § 1407.

**10. Courts ⟨⟩=277.2**

All judicial proceedings before trial, including pretrial determination of class questions, are "pretrial proceedings". 28 U.S.C.A. § 1407; Fed.Rules Civ.Proc. rule 23, 28 U.S.C.A.

See publication Words and Phrases for other judicial constructions and definitions.

**11. Courts ⟨⟩=518**

Two courts of exclusive different jurisdictions, or venues, cannot exercise control over same single claim for relief at same time. 28 U.S.C.A. § 1407.

**12. Federal Civil Procedure ⟨⟩=1954**

Several separate claims for relief in a single civil action are severable in interests of justice but a single claim for relief is separable by issues for trial only if entire action and all issues therein remain under control of one court.

**13. Courts ⟨⟩=275, 279**

In federal civil procedure, claim for relief is irreducible legal unit for purposes of venue and jurisdiction by single court at a particular time.

**14. Courts ⟨⟩=277.1, 277.2**

In separation and transfer of claims under statutes permitting transfer for pretrial proceedings or transfer for other reasons, contemporaneous dual control by two or more district courts of single claim for relief or separate issues thereof is not permissible in federal system. 28 U.S.C.A. §§ 1404(a), 1407.

**15. Courts ⟨⟩=277.2**

A transfer under statute permitting transfer for pretrial proceedings is a change of venue for pretrial purposes. 28 U.S.C.A. § 1407.

**16. Courts ⟨⟩=277.1**

On change of venue jurisdiction and powers of transferee court are coextensive with that of transferor court and transferee court may make any order or render any judgment that might have been rendered by transferor court in absence of transfer.

**17. Courts ⟨⟩=277.1**

After an order changing venue, jurisdiction of transferor court ceases and thereafter transferor court can issue no further orders and any steps taken by it are of no effect.

**18. Federal Civil Procedure ⟨⟩=9**

In regard to class action determinations made by transferor court prior to transfer under statute permitting transfer for pretrial proceedings, transferee court may determine class action questions and review and revise any class action order as in its sound judicial discretion is desirable or necessary in interests of justice. 28 U.S.C.A. § 1407; Fed. Rules Civ.Proc. rule 23, 28 U.S.C.A.

**19. Courts ⟨⟩=277.2**

Nine multidistrict plumbing fixture private treble damage antitrust actions would be transferred without condition to Eastern District of Pennsylvania for pretrial proceedings despite contentions by one plaintiff in one of the nine actions that conditions should be imposed

on transfer permitting transferor court to determine class action questions after transfer and despite request that Panel require completion of discovery agreed on or ordered by transferor court. 28 U.S.C.A. §§ 1407, 1407(a, b); Fed.Rules Civ.Proc. rules 2, 3, 16, 23, 23(c) (1), 42 (b), 28 U.S.C.A.

---

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

WILLIAM H. BECKER, Judge of the Panel.

After a hearing on August 8, 1968, on September 13, 1968, the Judicial Panel on Multidistrict Litigation, under Section 1407, Title 28, U.S.C., ordered the transfer to the Eastern District of Pennsylvania of 37 related multidistrict civil treble damage antitrust actions, pending in seven other districts, and assigned them to the Honorable John W. Lord, Jr., District Judge, 295 F.Supp. 33.

The actions so transferred included actions originally filed in the Northern District of California, the Southern District of New York and the District of Columbia.

Later the Panel learned of nine additional similar actions pending in the Northern District of California, the Eastern District of Virginia, the Southern District of New York, the Eastern District of Wisconsin, the District of Kansas and the District of Columbia. These nine additional actions are listed in the appended Schedule B.

On October 8, 1968, in accordance with current practice the Panel, on its initiative, issued an order to show cause why the nine additional similar actions should not also be transferred under Section 1407 to the Eastern District of Pennsylvania and assigned to Judge John W. Lord, Jr., on the basis of the record of

the hearing of August 8, 1968. This order further provided for a hearing on October 16, 1968, on all matters relating to (1) the proposed transfer and assignment of the additional actions to Judge Lord, (2) the transfer of the actions to another district or districts, and (3) defendants' motion to transfer the actions under Section 1407 to the Western District of Pennsylvania.

In the written responses to the order to show cause and notice of hearing, all parties except the City of New York agreed in substance to the proposed transfer and assignment of the nine additional actions to Judge John W. Lord, Jr., under Section 1407.

For the reasons hereinafter stated all actions listed in Schedule B will be transferred on the initiative of the Panel to the Eastern District of Pennsylvania and assigned to the Honorable John W. Lord, Jr., District Judge.

### The Position of the City of New York

The City of New York and its related agencies (the "City") on behalf of themselves and of a class to consist of all City, twon and school district governmental units in the State of New York having a population in excess of 50,000 persons, and of all public housing authorities in the State of New York, filed a civil treble damage antitrust action in the Southern District of New York on August 2, 1968. By letter of the same date addressed to the Clerk of the Panel, counsel for the City requested that it be allowed to participate in the hearing of August 8, 1968, although its case was not among those listed in the defendants' motion to transfer or in the notice and order for the hearing of August 8.

At the hearing on August 8, counsel for the City voluntarily appeared and stated, "We agree wholeheartedly * * with coordination, and we agree wholeheartedly that the proper forum would be Philadelphia, Pennsylvania" in the Eastern District of Pennsylvania.

In its response to the order to show cause and notice of hearing of October

16, 1968, the City expressly adheres to its position that the proper forum for transfer under Section 1407 would be the Eastern District of Pennsylvania but requested that the Panel order transfer of its action subject to the following two requests:

"First, since the New York City action is brought as a class action, the court in New York has the following obligation under Rule 23(c)(1) of the Federal Rules of Civil Procedure: 'As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained * * *.' Upon such determination, the court is required to direct notice to the members of the class. We do not believe that under Section 1407(a) 'pretrial proceedings' encompass a class action determination. Certainly if the entire file is transferred it would be impossible for the transferor court to discharge its obligations under Rule 23. Therefore, we request the Panel to order, as Mr. Margolis requested on August 8, that the City's action 'be allowed to go forth in the Southern District of New York for a determination of the class and the validity of the class action' [by that Court] at the same time that coordinated discovery * * * continues.' (Transcript, pp. 117–8).

"Second, extensive pretrial discovery is already underway in the City's case. The City requests that any transfer order by the Panel require completion of such discovery as the parties have agreed to or which has been ordered by the District Court for the Southern District of New York prior to the date of the Panel's order."

In summary the City requests that, in the civil action in which the City is plaintiff, the Panel order that action be transferred in part, that is for all pretrial purposes except determination of the class action questions which would be reserved by Panel order for determination after transfer by the transferor court.

In its response and in oral argument counsel for the City state that under Section 1407(a) "pretrial proceedings do not include a class action determination."

In oral argument the consequences of this contention were illuminated by the following colloquy with counsel for the City:

"JUDGE WEINFELD: Why do you call it a local action? Are you referring to the fact that you brought it within the Southern District and it involves municipalities within the State of New York and housing authorities within the State of New York?

"MR. MARGOLIS: What I meant was the court where we filed the suit should be the one to determine the class action.

"JUDGE WEINFELD: There are housing authorities right adjacent to New York State. You have them in New Jersey, you have them in Connecticut, you have them in Pennsylvania, and you have municipalities that come within the same categories. Why should you not go on a metropolitan or regional basis? In fact, that is the whole thrust of housing today, isn't it?

"MR. MARGOLIS: Yes. Well, the City [chose] to restrict, in bringing its class action, on the basis of various judicial opinions on class actions.

"JUDGE WISDOM: You recognize that there may be conflicts in the courts with respect to the scope of this class action, do you not?

"MR. MARGOLIS: Yes.

"JUDGE WISDOM: Now, isn't one of the purposes of this Act to avoid such pretrial conflicts?

"MR. MARGOLIS: Our position is that we don't believe that the class action is part of pretrial. That is our position.

"JUDGE WISDOM: I recognize that that is your position, but how do you justify it?"

The City apparently requests that the reservation of power of the transferor court to determine the class action issue

be accomplished by dividing the papers in the file between the transferor court and the transferee court, that is, by not transferring "the entire file".

In substance the City contends that in a transfer under Section 1407 the transferee court lacks the power to determine the class action issue, and that that power remains in the transferor court after transfer.

### Rulings on the City's Requests

[1] We do not agree with this interpretation. On the contrary we hold that there should not be separation of the class action issues and a reservation to the transferor court of power to determine the class action issues because (1) the Panel lacks the power to order such a separation or reservation, and (2) the exercise of such a power, if possessed, would be unwise and indiscrete.

The second request, that the Panel in its order of transfer require completion of discovery agreed upon or which has been ordered by the transferor court, is denied for the same reasons.

### Reasons for the Rulings

First, the nature of the questions to be determined by the Panel should be analyzed.

[2] The contentions of the City raise questions of statutory construction. No question of the constitutionality of Section 1407 or of its application in these cases is raised. Only transfer under Section 1407 is under consideration. The City does not appeal to the discretion of the Panel or to forbearance by the Panel in the use of its statutory powers on principles of comity, but rather contends the Panel has no power to transfer the class action issue. In these circumstances, the questions presented are plainly questions of construction of the statute authorizing transfer. See Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1034, 4 L.Ed.2d 1254, l. c. 1260, and Ex Parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207, 10 A.L.R. 2d 921, 922, both of which involved analogous questions of construction of the re-

lated Section 1404(a) providing for inter-district transfer for all purposes (change of venue) of civil actions for the convenience of parties and witnesses in the interest of justice. See also annotations on constitutionality, construction and application of Federal Statutes providing for transfer of civil actions. 5 A.L.R.2d 1239; 10 A.L.R.2d 932.

### Construction of the Clear Language of Section 1407

[3] Under applicable principles of statutory construction, the language of the statute should be examined first. If the statutory language is clear, the words plain and the meaning clear, "there is no need to refer to the legislative history". Ex Parte Collett, supra, 337 U.S., l. c. 61, 69 S.Ct., l. c. 947, 93 L.Ed., l. c. 1211.

Paragraph (a) of Section 1407 is relied on by the City and contains some of the critical language. It reads as follows:

"(a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multi-district litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: *Provided, however*, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded."

Paragraph (b) following immediately is as follows:

"(b) Such coordinated or consolidated pretrial proceedings shall be con-

ducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation. For this purpose, upon request of the panel, a circuit judge or a district judge may be designated and assigned temporarily for service in the transferee district by the Chief Justice of the United States or the chief judge of the circuit, as may be required, in accordance with the provisions of chapter 13 of this title. With the consent of the transferee district court, such actions may be assigned by the panel to a judge or judges of such district. The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings."

The language of paragraph (a) plainly and clearly authorizes transfer of "civil actions". The power is not granted to transfer of "civil actions or parts thereof" or "civil actions except the class action issue" as the City would have us hold. In federal civil procedure, and particularly in federal statutes authorizing transfer, the phrase "civil action" has a definite meaning. Rules 2 and 3, F.R.Civ.P.; cf. Ex Parte Collett, supra, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed., l. c. 1210.

[4] Nor does paragraph (a), or any other, invest the Panel with the power to require completion of discovery underway, discovery as the parties have agreed to, or which has been ordered by the transferor court as requested by the City.

No contention has been made by the City that discovery is not a part of the pretrial proceedings contemplated by Section 1407. It is only in respect to determination of the class action questions under Rule 23, F.R.Civ.P., that this contention is made. Yet the Panel is re-

quested to make special orders about discovery binding on the transferee court.

[5, 6] Paragraph (b) clearly provides that the "coordinated or consolidated pretrial proceedings *shall* be conducted by the judge or judges to whom such actions are assigned" by the Panel. So if discovery, including completion of discovery, and determination of the class action questions are part of the pretrial proceedings, then those powers are by clear statutory mandate required to be conducted by the transferee court. The use of the word "shall" in the first sentence of paragraph (b) of Section 1407 makes this clear. The pretrial powers of the transferee court include the powers to modify, expand, or vacate earlier discovery orders. To coordinate discovery in the related cases, exercise of these powers may be necessary or desirable. The Panel has neither the power nor the disposition to direct the transferee judge in the exercise of his powers and discretion in pretrial proceedings.

The only power granted to the Panel to limit exercise of the pretrial powers of the transferee court is found in the proviso of paragraph (a) permitting the Panel to separate any "claim, cross-claim, counter-claim, or third-party claim" of a transferred civil action and to remand "any of such claims before the remainder of the action is remanded." This power is in harmony with a portion of paragraph (b) of Rule 42, F.R.Civ.P., authorizing the ordering of separate trials of claims, cross-claims, counter-claims and third-party claims in furtherance of convenience and to avoid prejudice where conducive to expedition and economy.

While paragraph (a) of Section 1407 permits separation and remand by the Panel of claims, cross-claims, counter-claims and third-party claims separable under paragraph (b) of Rule 42, it does not permit the Panel to order a separate trial "of any separate issue or * * * issues" which are also separable under paragraph (b) of Rule 42. This unequivocal and obviously deliberate withholding from the Panel of power to separate is-

sues in a single civil action assigning one or more to the transferee court and one or more to the transferor court is a clear, precise and wise limitation on the powers of the Panel.

There are other clear indications that Congress did not intend to permit the Panel to partition the issues in a single claim for relief and to assign powers of supervision and decision of the separate parts to two courts to be exercised contemporaneously. By authorizing the Panel to transfer "civil actions" (not parts thereof) for coordinated or consoli-

dated pretrial proceedings and by limiting the Panel's powers of separation and remand to claims, cross-claims and counter-claims or third-party claims, Congress has made it "impossible to read the section as excising" the powers to determine the class action questions from the order of transfer. Cf. Ex Parte Collett, supra, 337 U.S., l. c. 53, 69 S.Ct., l. c. 946, 93 L.Ed., l. c. 1210.

[7]   The purpose of Section 1407 as shown independently by its clear language, corroborated by the legislative history,[1] including the reports of the

---

1. S. 3815 (S. 159, 90th Congress) was referred to the Subcommittee on Improvements in Judicial Machinery before which an initial hearing of the advocates of the bill was held on October 20, and 21, 1966. During those hearings Dean Neal,[*] one of the authors of the Judicial Conference bill, answered relevant questions on the precise issue here, as follows:

"Mr. Tydings.   The bill provides for the transfer of claims for pre-trial procedures.   It has been suggested that this 'conceivably is too broad and that the transfer should be for discovery under the Federal Rules of Civil Procedure only, leaving other pre-trial matters to the transferor district, to be conducted at perhaps the same time or later.'

"The suggestion is also that the 'unit' which is transferred under the bill, the claim, is too broad, and that only 'issues of fact' need be transferred.   Do you have any thoughts with respect to those two points?

"Dean Neal.   Let me take the second question first.   I think the appropriate unit to deal with is a claim or a cross-claim or counterclaim, because that is the basic unit under the Federal Rules of Civil Procedure insofar as they deal with separability of actions.

"Reference might be made specifically to Rule 42(b) of the Federal Rules of Civil Procedure, which deals with the problem of consolidation.   I might say that Senate Bill 3815 really provides for a procedure that is quite analogous to what Rule 42 provides for, where cases are pending in the same district, and Rule 42(b) provides that in furtherance of convenience or to avoid prejudice, the court may in actions which it has consolidated, order the separate

trial of any claim, cross-claim, counter-claim, third-party claim, et cetera.

"The provision in the proposed Section 1407 splitting off claims and sending them back to the originating district is based on the analogy to Rule 42(b) and I think that is correct.

"Now, the other suggestion, as I understood it, was that instead of transferring the case in toto for consolidated or co-ordinated pre-trial proceedings, only certain questions might be transferred to the transferee court and other issues left to be disposed of, presumably during the same period of time, by the transferor court.   It seems to me that there are at least three rather serious objections to that.

"In the first place, I think it would be very difficult to frame any satisfactory definition that would tell you what kinds of issues should be dealt with by the transferee court and what kind by the transferor court, and I can imagine a great deal of argument and discussion going on as to whether a particular issue is of the kind that should be disposed of back home or should be disposed of by the transferee court.

"In the second place, it seems to me that it would be exceedingly awkward to have the determination of issues in the case being made partly in one jurisdiction and partly in another.

"The idea that a case could be pending in two different districts at the same time just seems to me to be a most awkward and inconvenient idea, and there are great problems of timing that would be involved, I would suppose. Certainly it would be convenient to dispose of certain issues before you got on to other issues and if you had to de-

---

[*] Dean Phil C. Neal, of the University of Chicago School of Law, formerly Executive Secretary of and Consultant to the Co-Ordinating Committee for Multiple Litigation.   Dean Neal was one of the authors of and advocates of the passage of Section 1407, Title 18, U.S.C.

Congressional Committee and of the Judicial Conference, and by testimony before Congress of its authors, makes it

cide that certain of these issues must first be determined by another district court, the whole process of getting on with the co-ordinated or common proceedings might be interrupted.

"In the third place, it seems to me that the idea of leaving anything pending in the transferor district while the consolidated proceedings are going forward is really a way of depriving the judicial system of some of the important advantages of bringing the cases together.

"I think, for example, about the various rulings on questions of law which came up early in the electrical equipment cases such as the tolling of the statute of limitations, the effect of the fraudulent concealment doctrine, the effect of the pleas of nolo contendere and so on.

"I think one of the important things about the conduct of the electrical equipment cases was that these questions were all brought on early for hearing and were determined, appeals were taken and we did not have the questions decided at widely different times in the different parts of the litigation.

"Also, there would certainly be an advantage in having only one court decide those questions instead of having to get dozens of different decisions in different courts with conflicts eventually resolved by appeal.

"It seems to me, in short, that the suggestion of leaving the litigation in this divided state is quite impractical and that the only way, if one wants to have a case determined partly in the originating district and partly in the transferee district, to do it is the division in time that 3815 calls for, that is to say, the case is moved for all purposes to the transferee district, up to the conclusion of pre-trial proceedings, and then may be sent back."

None of the suggestions to restrict the pretrial powers of the transferee court mentioned by Senator Tydings were incorporated in the new section.

At the same hearing the writer, in a statement describing operation of the bill, said:

"Upon a temporary transfer under new Section 1407 the pretrial proceedings in the transferee court would be conducted in accordance with the current provisions of the Federal Rules of Civil Procedure. The transferee court

would possess all powers which may be ordinarily exercised by a district court in a case pending before it under the Federal Rules of Civil Procedure except that the transferee court would be required to remand the action for trial of the factual issues disclosed by the pretrial proceedings in the transferee court. Only if an action was settled, dismissed, determined by summary judgment, or otherwise disposed of in accordance with the Federal Rules of Civil Procedure, would there be no remand."

Others testifying at this hearing in support of the bill were Chief Judge Alfred P. Murrah (10th Cir.), Judge Edwin A. Robson (N.D.Ill.), Charles A. Bane, Esquire, Edward R. Johnston, Esquire, and Ronald W. Olson, Esquire, of the Chicago Bar. Chief Judge Thomas J. Clary (E.D.Pa.) testified in support of the bill before the same subcommittee on January 24, 1967.

In addition, the House Report No. 1130, 90th Congress, 2d Session, in which the Committee on Judiciary recommended passage of the bill, stated the following:

"The objective of the legislation is to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the 'just and efficient conduct' of such actions. The committee believes that the possibility for conflict and duplication in discovery and other pretrial procedures in related cases can be avoided or minimized by such centralized management. To accomplish this objective the bill provides for the transfer of venue of an action for the limited purpose of conducting coordinated pretrial proceedings. The transfer statute affects only the pretrial stages in multidistrict litigation. It would not affect the place of trial in any case or exclude the possibility of transfer under other Federal statutes.

\*      \*      \*      \*      \*

"By the term 'pretrial proceedings' the committee has reference to the practice and procedure which precede the trial of an action. These generally involve deposition and discovery, and, of course, are governed by the Federal Rules of Civil Procedure   See, e. g., rule 16 and rules 26–37. Under the Federal rules the transferee district court would have authority to render summary judgment, to control and limit pretrial proceedings, and to impose

district and appellate courts in multidistrict related civil actions. The contentions of the City in this case, if sustained, would make possible, and perhaps

sanctions for failure to make discovery or comply with pretrial orders."
(Emphasis added)

In Senate Report No. 438, 90th Congress, 1st Session, the Committee on Judiciary recommended passage of the bill, stating, among other things:

"The purpose of the proposed legislation is to provide formal machinery to transfer, for coordinated or consolidated pretrial procedures, civil actions pending in different judicial districts, and have one or more common questions of fact.

*    *    *    *    *

"Paragraph (e) provides that judicial review of transfer and subsequent orders of the panel is to be had only by extraordinary writ pursuant to 28 U.S.C. 1651, the All Wrights Act. This procedure, more expeditious than appeal, is consistent with the overall purposes of proposed 1407. *Paragraph (e) also provides that no review of a panel order shall be in any other forum than the U.S. Court of Appeals of the transferee district, thus avoiding multiplicity of review proceedings and minimizing the possibilities of conflicting rulings.*"
(Emphasis added)

Congress was keenly aware of the meaning of the bill on the question presented by the City.

Professor Thomas S. Currier, of the University of Virginia Law School, studied and analyzed H.R. 8276 for Deputy Counsel Trubow, of the Tydings Subcommittee. His analyses and suggestions were included in the appendix to the printed transcript of Hearings on S. 3815 at Chicago, October 20, and 21, at pages 84 to 87, inclusive. In his analysis Professor Currier correctly stated the following:

"(2) *Scope of transfer.*—The proposed legislation contemplates transfer of an 'action' to the transferee court, but for limited purpose of pretrial and discovery proceedings. The judicial panel on multidistrict litigation is authorized to separate and remand any 'claim, cross-claim, counterclaim, or third-party claim' before remanding the entire civil action, and is to remand the entire action 'at or before' the conclusion of consolidated pretrial proceedings. *Thus the minimum unit of litigation transferred is a 'claim.'* The claim that is to be transferred must involve 'one or more common questions of fact,' and transfer is to be ordered when it will 'promote the just and efficient conduct'

of the action—i.e., by preventing duplication of pretrial and discovery proceedings as to the common issue or issues." (Emphasis added)

Professor Currier submitted for consideration of the subcommittee amendment of the bill to permit the transferor court to process the "unique issues" while the transferee court processed the "common issues". The suggestion was as follows:

"The minimum unit to be transferred appears to be larger than is necessary to permit maximum realization of the purpose of the legislation. The action that is to be transferred, and even the 'claim' that will remain in the transferee court after it separates and remands other claims, cross-claims, etc., will normally include some unique factual issues, such as damages, in addition to the common issues that are the ground for transfer. Pretrial proceedings as to these unique issues will not be facilitated by consolidation and hence normally ought not to be conducted by the transferee court unless, under the criteria of section 1404(a), the entire action is one which should be transferred there.

"It is extremely likely, of course, that the transferee court under the proposed legislation would limit pretrial proceedings to the common issues even though the bill does not require such limitation. The unique issues could be left for pretrial proceedings in the transferor court after the action has been remanded. But it is questionable whether pretrial proceedings on the unique issues should always be made to await conclusion of pretrial proceedings on common issues. Efficiency may require that precedence be given, in the event of conflict, to pretrial of the common issues. But such conflicts may prove to be infrequent. In the context of the recent electrical equipment cases, for example, many potential deponents on issues of damages may have had no role to play in the pretrial proceedings on issues of conspiracy, and the only other likely source of conflict—the inability of a defendant's attorney to attend two pretrial proceedings simultaneously—is not, as a practical matter, really applicable to large corporate defendants, which are apt to be represented by a host of attorneys anyway.

"It thus appears that disposal of litigation would be better served if the proposed legislation limited the scope of transfer to common issues of fact (in-

probable, pretrial chaos in conflicting class action determinations which Section 1407 was designed to make impossible.

In March 1965, a draft of Section 1407 was recommended for approval by the Judicial Conference of the United States by the Co-Ordinating Committee for Multiple Litigation in a formal report dated March 2, 1965, describing the purposes and operation of the proposed section. The section in its original form was drafted by the Co-Ordinating Committee. This report is part of the legislative history. Ex Parte Collett, supra, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed., 1. c. 1214. In March 1965, the Judicial Conference of the United States approved the proposed legislation in principle. On the basis of this approval a bill incorporating the proposed new section was introduced in the House of Representatives as H.R. 8276, 89th Congress, by Congressman Emanuel Celler and referred to the Committee on Judiciary. This report contained not only the original draft of the proposed Section 1407, but also a formal comment thereon which recognized the dangers in simultaneous prosecution of separate class actions under then proposed, and now adopted Class Action Rule 23. The comment included a reference to difficulties of separate actions involving repetitious discovery mentioned in the Advisory Committee note to the proposed amended, now adopted, Rule 23. The full comment of the Co-Ordinating Committee is set forth in the appendix following this opinion and order.

[8, 9]   It is in the field of class action determinations in related multidistrict civil actions that the potential for conflicting, disorderly, chaotic judicial action is the greatest. Under the recently amended Class Action Rule 23, F.R. Civ.P., powers for defining classes of parties, including plaintiffs and defendants, are not expressly limited by space, time, description of party or nature of claim or defense. Already, in related multidistrict litigation coming to the attention of the Panel, separate district courts have been requested to make conflicting class action determinations. In these circumstances it is not certain that each district court will always be able to learn of the conflicting requests made to other courts. It is certain, however, that if these conflicting requests are determined under Section 1407 in a transferee court, the information and means for fair, speedy and economical coordinated determinations will exist. It is the clear intent of Section 1407 to invest the transferee court with the exclusive powers, after transfer, to make the pretrial determinations of the class action questions. In the similar protection devices litigation we said: "Determination of all matters involving questions of class actions shall be left to the sound judgment of Judge Metzner (the transferee judge)." In re Protection Devices and Central Station Protection Service Antitrust Cases, No. 9,295 F.Supp. 39 at page 40.

[10]   To this concept the City replies that the pretrial determination of the class questions is not a part of the "pretrial proceedings" as used in Section 1407. No authority is cited for this unusual contention. The easy answer to this contention is probably the best one,

---

cluding issues of mixed fact and law). and permitted the transferor court to conduct contemporaneous pretrial proceedings on the unique issues, subject only to priority, in the event of conflict, of pretrial proceedings in the transferee court. In any event the legislation should expressly limit pretrial proceedings in the transferee court to common issues."

This suggested amendment was deliberately omitted in the bill, S. 159, enacting the new section into law. The City now is

asking the Panel by construction to do what Congress deliberately declined to do.

In addition attention is invited to discussions of the Judicial Conference Bill prior to its amendment and enactment. *Consolidation of Proceedings Under Proposed Section 1407 of the Judicial Code: Unanswered Questions of Transfer and Review,* 33 U. of Chicago L.Rev. 558, l.c. 561 (1966); *The Problem of Venue in Multiple District Litigation Part IV, The Celler Bill,* 41 Notre Dame Lawyer 507, l.c. 523–526 (1966).

namely, that pretrial, as an adjective, means before trial—that all judicial proceedings before trial are pretrial proceedings. This is known not only by lawyers and judges, but is known or can readily be learned by laymen. See Random House Dictionary of the English Language, unabridged ed. 1141. See also "Pretrial Calendar" 33 Words and Phrases 511.

From a legal standpoint the class action request and its determination are the most urgent of the pretrial proceedings. This is recognized explicitly in subparagraph (c) (1) of Rule 23, F.R. Civ.P., which specially commands that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Under this subparagraph the order when made may be conditional, and may be altered or amended at any time before the decision on the merits. (So the process may continue through pretrial and after the pretrial proceedings have been completed. This leaves the transferor court some power and discretion before transfer and after remand.)

In an action filed as a class action most pretrial processes (specifically and generally listed in Rule 16, F.R.Civ.P., under the title "Pretrial Procedure; Formulating Issues") involve or are affected by an affirmative class action determination. Those specifically listed in Rule 16 include:

"(1) The simplification of the issues;

"(2) The necessity or desirability of amendments to the pleadings;

"(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof; * * *."

In order to make it clear that the Rule 16 orders and Rule 23 orders are of the same pretrial nature, subparagraph (d) (3) of Rule 23 expressly permits the Court to combine Rule 23 orders and Rule 16 pretrial orders. It would be interesting to learn how this could be done

in a single civil action with the Rule 16 proceedings in the transferee court and the Rule 23 proceedings in the transferor court. The problem becomes practically insoluble when the class action request is in the complaint, with control of amendment of the complaint, the addition of parties and the giving of notice shared contemporaneously by one transferee court and several transferor courts with exclusive separate jurisdiction.

Further, the wide and general understanding that determination of the class action questions is a part of pretrial proceedings constitutes the basis of the listing of this as a subject, the processing of which should begin at the First Principal (Preliminary) Pretrial Conference, in the suggested procedures of the *Manual for Complex and Multidistrict Litigation* approved in September 1968 by the Judicial Conference of the United States. See *Manual*, pages 14, 22 and 23.

Unless the determination of the class action question is treated as a part of the pretrial proceedings, the transferee court will be unable to determine the parties (formal and represented) to the local and transferred actions, will be unable to coordinate the pretrial proceedings and will be unable to control the simplification of the issues through control of amendment of the pleadings, and through comprehensive control of discovery.

Another of the innumerable potential alarming consequences of the construction of Section 1407 submitted by the City is the conflict and delay which may result from early appeals from class action determinations. Under current interpretation there is a right to early appeal by the plaintiff from an order "dismissing" the class action request before trial of the action. Eisen v. Carlisle & Jacquelin (C.A.2, 1966), 370 F.2d 119, cert. den. 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967), 2nd appeal (C.A.2, 1968), 391 F.2d 555. If, in multidistrict-multicircuit litigation such as this, powers to determine the class issues are reserved to the trans-

feror courts, under the City's construction of the statute, multicircuit appeals on conflicting class action requests would be possible. Such multicircuit appeals would be fraught with multiplied delay, confusion, conflict, inordinate expense and inefficiency, which Section 1407 intended to eliminate. With multiple pretrial class issue action orders and appeals in the transferor districts and circuits, the transferee court would be helpless to process the pretrial proceedings in a manner which "will promote the just and efficient conduct of such actions" in accordance with paragraph (a) of Section 1407. On the other hand, if all pretrial proceedings, after order of transfer and before remand, are conducted in the transferee court the pretrial proceedings and appellate proceedings for early review of pretrial rulings will ordinarily lie in the Court of Appeals for the transferee district from the time of transfer until remand. Consequently, coordination at the appellate level will also be achieved in one Court of Appeals, in the absence of an exceptional appeal before transfer.

As shown above, the contentions of the City are based on an erroneous construction of the phrase "pretrial proceedings" as used in the text of the bill. No judicial authority is cited in support of the City's contentions. No other reasons or analogous experience is cited by the City. No part of the legislative history is cited by the City. On the other hand, the legislative history unequivocally supports the plain meaning of the statute. Adoption of the construction proposed by the City would result in an unauthorized and unintended frustrating judicial amendment to this salutary legislation.

[11–14] Partition of the pretrial processes in a single claim for relief, with contemporaneous exercise of jurisdiction by two or more district courts over the separated parts, is not only unprecedented in federal jurisprudence but violates well settled principles of judicial management. Two courts of exclusive different jurisdictions, or

venues, cannot exercise control over the same single claim for relief at the same time. As noted above under Rule 42(b), F.R.Civ.P., and Section 1407, separate claims for relief can be separated and transferred under Section 1404 as in Leesona Corp. v. Cotwool Manufacturing Corp. (D.S.C.) 204 F.Supp. 139, app. dismissed (C.A.4, 1962), 308 F.2d 895, or remanded under Section 1407. This is possible because several separate claims for relief in a single civil action are severable in the interests of justice. A single claim for relief, however, is separable by issues for trial under Rule 42 only if the entire action and all issues therein remain under control of one court (as distinguished from a judge of the one court). The reason is that, in federal civil procedure, the claim for relief is the irreducible legal unit for purposes of venue and jurisdiction by a single court at a particular time. This unitary concept of the claim for relief permits transfer of the claim for relief from one district court to another as in case of a transfer under Sections 1404(a), or 1407. But in no such separation and transfer is contemporaneous dual control by two or more district courts of a single claim for relief (or separate issues thereof) permissible in the federal system.

[15] In substance a transfer under Section 1404(a) is a "change of venue" (that is a "change of courtrooms") for completion of pretrial and for trial or other disposition. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L. Ed.2d 945, l. c. 962–963. By analogy a transfer under Section 1407 is a change of venue for pretrial purposes.

[16, 17] On change of venue the overwhelming authority holds that the jurisdiction and powers of the transferee court are coextensive with that of the transferor court; that the transferee court may make any order to render any judgment that might have been rendered by the transferor court in the absence of transfer. 92 C.J.S. Venue § 207 pp. 980–981 and cases therein cited, cf. Greve v. Gibraltar Enterprises (D.N.M.) 85 F.

Supp. 410, l. c. 414; that after an order changing venue the jurisdiction of the transferor court ceases; and that thereafter the transferor court can issue no further orders, and any steps taken by it are of no effect. Phebus v. Search (C.A.8) 264 F. 407, l. c. 409; 21 C.J.S. Courts § 517a; 20 Am.Jur.2d § 149; 56 Am.Jur. Venue, § 78, p. 79. These principles are applicable to a transfer under Section 1407 from the time of entry of the order of transfer until the time of entry of an order of remand.

[18]  In the case of class action determinations made by the transferor court prior to transfer, the provisions of Rule 23 apply permitting the transferee court to determine the class action questions and to review and revise any class action order as in its sound judicial discretion is desirable or necessary in the interests of justice.

[19]  In the case of the City under consideration, it does not appear that the class action question is under submission, or that an initial decision is imminent. Discovery processes have been employed but all discovery processes completed or in progress will be useful after the transfer. No cause to defer transfer of the case of the City appears. Transfer without condition will be ordered.

What has been said of the power to determine the class action issue disposes of the request for an order in respect to discovery. This matter is committed to the transferee court after order of transfer. All discovery processes in progress and discovery orders remain in effect unless vacated or modified by the transferee court in the same manner they could be modified by the transferor court. It is clearly stated in the notice and order for hearings of the Panel that discovery processes are not suspended thereby.

### The Principles of Comity

The Panel is keenly aware of the problems of the District Courts and Courts of Appeal in which is pending multi-district litigation subject to transfer under Section 1407. There is no disposition on the part of the Panel to act hastily or without a considerate and well deserved respect for these courts. on principles of comity.

It is obvious that, under Section 1407, there will be proposals to transfer civil actions in which important pretrial motions are under submission or are reaching the point of submission. These motions include motions for dismissal, for summary judgment or for determination of the class action questions, among others. In one case of which the Panel has formal notice, an appeal from a pretrial denial of the class action issue is presently pending in the Court of Appeals of a proposed transferor court. The problems arising from these special circumstances require careful and thoughtful solution by the Panel.

On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts (and Courts of Appeals if any are involved) to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel.

The successful use of Section 1407 requires cooperation among the Courts, and by the Panel in an atmosphere of trust, confidence, comity and good will. The Panel believes these conditions exist and will continue to exist.

### Conclusion

For the foregoing reasons, it is hereby ORDERED that, on the initiative of the Panel, the nine civil treble damage antitrust actions listed in Schedule B attached be, and they are hereby, transferred without special conditions or reservations to the Eastern District of Pennsylvania and assigned to the Honor-

able John W. Lord, Jr., District Judge of the Eastern District of Pennsylvania, with the consent in writing of the transferee court attached hereto.

EDWARD WEINFELD, Judge of the Panel (concurring in part, dissenting in part).

I concur in the transfer of the actions for coordinated or consolidated pretrial proceedings. However, I dissent with respect to class action motions as follows:

I agree that upon the entry of an order by the Panel pursuant to section 1407 of Title 28, the transferee court has jurisdiction to determine class action motions under Rule 23, absent a pending motion in the transferor court. However, when a motion under Rule 23 already has been argued or submitted to a judge in the transferor court and is undetermined by him at the time of the entry of the transfer order by the Panel under section 1407, such transfer order does not divest the transferor judge of jurisdiction to make his determination of the Rule 23 motion. Notwithstanding, the transferor judge, as a matter of comity, may decline to exercise jurisdiction and defer to the transferee court.

## SCHEDULE B*

### Northern District of California

1. The City of Los Angeles and Department of Water and Power of the City of Los Angeles
v.
American Radiator & Standard Sanitary Corporation, et al.
Civil Action No. 49866

2. State of Hawaii
v.
American Radiator & Standard Sanitary Corporation, et al.
Civil Action No. 49541

### Eastern District of Virginia

3. Edward S. Petros
v.
American Radiator & Standard Sanitary Corporation, et al.
Civil Action No. 4887-A

4. Vincent A. Mangano and M & M Builders, Inc.
v.
American Radiator & Standard Sanitary Corporation, et al.
Civil Action No. 4888-A

5. Vincent A. Mangano
v.
American Radiator & Standard Sanitary Corporation, et al.
Civil Action No. 4889-A

### Southern District of New York

6. The City of New York, et al,
v.
American Radiator & Standard Sanitary Corporation, et al.
Civil Action No. 68-3149

* (Lettered "B" because of Schedule A listing cases originally transferred. 295 F.Supp. 33)

### Eastern District of Wisconsin

7.  State of Wisconsin                                    Civil   Action
    v.                                                    No.  68-C-230
    Plumbing Fixture Manufacturers Association, *et al.*

### District of Kansas

8.  The State of Kansas, ex rel. Robert C. Londerholm,    Civil   Action
    Attorney General                                      No. T-4481
    v.
    American Standard, Inc., *et al.*

### District of Columbia

9.  Blake Construction Co., Inc.                          Civil   Action
    v.                                                    No.   2104-68
    American Standard, Inc., *et al.*

---

## APPENDIX

### PART I

From Report of the Co-Ordinating Committee on Multiple Litigation Recommending New Section 1400, Title 28

*Comment on Proposed § 1407. Multi-District Litigation*

As directed by the March 1964 resolution of the Judicial Conference of the United States, the Co-Ordinating Committee for Multiple Litigation (a subcommittee of the Committee on Pre-Trial Procedure and Practice) has examined the need for legislation and rules to treat the special problems presented by multi-district litigation. During the past year the Committee has analyzed its experience in the electrical equipment litigation, consulted with the judges and lawyers who participated in the *ad hoc* coordination program for those cases, and appraised numerous proposals designed to expedite proceedings when related civil actions are pending in more than one district. Proposed § 1407 is recommended as an important step in improving judicial administration for this class of cases.

The Co-Ordinating Committee considered whether the necessary procedural changes could be accomplished under existing rule-making authority. Study led to the conclusion that venue, historically a matter of legislative concern, would be affected by any appropriate solution of the problems. An earlier draft of a similar proposed statute would have provided the necessary statutory authority but would have required substantial implementation by the panel under specifically delegated flexible rule-making authority. After considering the comments received on an earlier draft, the Committee has concluded that its objectives can be achieved by the more limited and specific statute now proposed which authorizes only implementing rules not inconsistent with any Act of Congress or the Federal Rules of Civil Procedure.

Two techniques, court control of pretrial proceedings and centralization of such proceedings, are basic to the proposal. By authorizing unified treatment for multi-district actions involving one or more common questions of fact, the statute would create the possibility of applying to these cases ordered pre-trial procedures like those generally recom-

mended for protracted cases pending in a single district. See, Handbook of Recommended Procedures for the Trial of Protracted Cases, 25 F.R.D. 351 (adopted by the Judicial Conference of the United States—March 1960). Centralization of pre-trial proceedings is sought in order to minimize the additional litigation costs which are engendered in multi-district litigation through overlapping and conflicting discovery, such as repetitive depositions and document production and minor variances in written interrogatories which may impose undue burdens on the answering parties.

### Scope of the Statute.

The statute affects only the pre-trial stages in multi-district litigation. It would not affect the place of trial in any case or exclude transfer under other statutes (e. g., Title 28, U.S.C. §§ 1404 (a) and 1406(a)) prior to or at the conclusion of pre-trial proceedings.

The civil actions which would be affected by the statute must meet several general requirements. First, they must involve one or more common questions of fact. Second, they must be pending in more than one district. Although present procedures permit coordinated or consolidated treatment of related cases brought in or transferable to a single district, these procedures do not provide for such treatment where the cases must remain pending in several districts. The proposed statute would not affect existing methods of coordinated or consolidated treatment of cases pending in a single district. Third, the circumstances must be such that coordinated or consolidated pre-trial proceedings would promote the just and efficient conduct of such actions. This final requirement limits the applicability of the proposed statute to litigation in which significant economy and efficiency in judicial administration may be obtained.

### Limited Transfer.

The major innovation proposed is transfer solely for pre-trial purposes. The statute's objectives of eliminating conflict and duplication and of assuring efficient and economical pre-trial proceedings would thus be achieved without losing the benefits of local trials in the appropriate districts. An advantage of this statute in multi-district litigation over alternative techniques, such as the class action, is that each action remains as an individual suit with the litigants retaining control over their separate interests. The Advisory Committee's Note to Proposed Rule 23 (F.R.Civ.P.) comments that, "Even when a number of separate actions are proceeding simultaneously, experience shows that the burdens on the parties and the courts can sometimes be reduced by arrangements for avoiding repetitious discovery or the like." *Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the United States District Courts* 118 (U.S. Government Printing Office, 1964). Proposed § 1407 would maximize the litigant's traditional privileges of selecting where, when and how to enforce his substantive rights or assert his defenses while minimizing possible undue complexity from multi-party jury trials.

Under proposed § 1407 the transferee district court would have the usual powers provided by the Federal Rules of Civil Procedure, including authority to render summary judgment, to control and limit pre-trial proceedings, and to impose sanctions for failure to make discovery or comply with pre-trial orders. The deposition judges would have powers over the deponents and the actions as judges of the districts in which the depositions are taken.

Transfer to the most desirable forum is provided by permitting pre-trial transfer "to any district." Present transfer provisions for civil actions, which are not limited to pre-trial pro-

ceedings, restrict the transferee districts available. For example, Title 28, U.S.C. § 1404(a) limits the change "to any other district or division where it [the civil action] might have been brought." Similarly, Title 28, U.S.C. § 1406(a) restricts transfer "to any district or division in which it [a case] could have been brought." Analogous problems are presented when multiple bankruptcy petitions are filed by or against the same bankrupt. Section 32 of the Bankruptcy Act, Title 11, U.S.C. § 55, permits transfer and consolidation "in the court which can proceed with the same for the greatest convenience of parties in interest."

Benefits from consolidated pretrial procedures for related cases have been recognized as grounds for transfer under Title 28, U.S.C. § 1404(a). In Popkin v. Eastern Air Lines, Inc., et al., 204 F.Supp. 426, 431 (E.D.Pa.); mandamus granted *sub nom.*, Barrack, Administratrix, et al., v. Van Dusen U. S. District Judge, et al., 309 F.2d 953 (1962), rev'd. and remanded, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the district court granted defendants' § 1404(a) motions to transfer 55 personal injury and wrongful death actions to another district where 114 cases which arose from the same crash were pending, stating that:

"The interest of justice requires the transfer of these cases to the transferee District for these reasons, among others: (1) Consolidation of all the cases arising from this accident for *purposes of proceedings before trial* is likely to procure fairer and more orderly trials for all litigants and save needless time and expense for the public, including jurors, and other litigants whose cases are awaiting trial." (Emphasis supplied.)

*Judicial Panel on Multi-District Litigation.*

The statute provides for the designation of a judicial panel on multi-district

litigation empowered to: (1) initiate transfer proceedings; (2) transfer civil actions for coordinated or consolidated pre-trial proceedings with the consent of the district courts from which the actions are transferred; (3) assign a judge or judges to conduct such proceedings and request the Chief Justice to make inter-circuit assignments for this purpose; (4) act as and designate other judges as deposition judges in any district; and (5) remand transferred actions to the districts from which they were transferred at or before the conclusion of pre-trial proceedings. The Chief Justice is granted authority to designate the panel's membership which shall consist of seven circuit and district judges.

When allocating multi-district litigation among the districts or assigning a judge or judges to conduct pre-trial proceedings, the panel would be functioning primarily in an administrative capacity. Analogous procedures for dividing the judicial business of a single district are found in certain districts where this function is performed by an executive committee of the district judges. For example, General Rule 10(c), Rules of the United States District Court for the Northern District of Illinois, provides:

"(c) *Executive Committee:* The assignment of cases to calendars and judges * * * shall be done under the general direction of an Executive Committee consisting of three judges of this court * * *."

The Committee's experience in organizing the deposition program for the electrical equipment antitrust litigation indicates that swifter and more flexible procedures for inter-circuit assignment of judges to conduct depositions are desirable. At some stages a program may not require judges or may require several deposition judges. At other times prompt attention from a larger group of judges may be useful. Frequent changes of the judicial personnel assigned to this task may also be

advantageous. To permit rapid changes in the assignment of judicial personnel, the statute authorizes the panel and the judges to whom the cases are assigned to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." In addition, the panel is empowered to delegate this responsibility to other judges "when needed."

In accordance with the national character of the litigation with which the panel will be concerned, its membership will be drawn from seven judicial circuits. The members will be designated by the Chief Justice who presently has analogous functions in connection with inter-circuit assignments and in his capacity as presiding officer of the Judicial Conference of the United States. Title 28, U.S.C. §§ 291–295, 331.

Transfer would be effected by entry of the panel's order and the filing of the required consent of the district courts from which the actions are transferred in the office of the clerk of the transferee district court. This procedure is modeled on present techniques for effecting removal from state courts. Title 28, U.S.C. § 1446(e).

By providing for entry of the panel's transfer orders in the transferee district it is intended to insure that appellate review, when available, will take place in one Court of Appeals. The proposed section does not attempt to alter or clarify present doctrines as to the availability or scope of review of transfer orders. Transfer orders under §§ 1404 (a) and 1406(a) may be reviewable solely by *mandamus*. See, Philip Carey Mfg. Co., et al. v. Taylor, 286 F.2d 782 (C.A. 6, 1961), *cert. den.*, 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961) (§ 1404(a) proceeding); Bankers Life & Casualty Co. v. Holland, Chief Judge, et al., 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (§ 1406(a) proceed-

ing). On the other hand, it has been argued that such orders are appropriate for direct review under the doctrine of Cohen, Executrix, et al., v. Beneficial Industrial Loan Corp., et al., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1948). Note, Appealability of 1404(a) Orders: Mandamus Misapplied, 67 Yale L.J. 122 (1957). Orders of the district court remanding cases improperly removed from state courts are not reviewable. Title 28, U.S.C. § 1447(d).

### The Electrical Equipment Antitrust Cases.

The national coordination program for the electrical equipment antitrust cases utilized many novel procedures to simplify and expedite that complex multi-district litigation. The broader and less expensive discovery that resulted from the planned program of eliminating repetitive examinations of deponents and production of documents was possible because of the cooperation of bench and bar under emergency conditions. For a more complete description of that program, see, Neal and Goldberg, The Electrical Equipment Antitrust Cases: Novel Judicial Administration, 50 A.B. A.J. 621 (1964). The devices which were effective in the national program, such as central management of pre-trial proceedings in related cases, and the reduction of deposition delays by assigning a judge to be available for prompt rulings throughout a deposition, commend themselves for use in future multi-district litigation. Proposed § 1407 would enhance the possibility that these and other effective economic procedures will be applied in the future to multi-district litigation.

### Submission.

Your Sub-Committee to study problems of multiple litigation submits this report to supplement the previous reports and respectfully recommends

favorable consideration of proposed §
1407 at the forthcoming meeting of the

Judicial Conference of the United
States.

Chief Circuit Judge Alfred    Chief Judge Joe E. Estes
  P. Murrah, Chairman.    Judge George H. Boldt
Chief Judge Sylvester J.
  Ryan                        Judge William M. Byrne
Chief Judge Thomas J.
  Clary                       Judge William H. Becker
Chief Judge Roszel C.
  Thomsen                     Judge Edwin A. Robson

March 2, 1965

---

### Part II

Congressman Celler requested the
views of the Department of Justice. The
Department, in a letter dated January 7,
1966, and signed by Deputy Attorney
General Ramsey Clark, favored the enact-
ment of the bill with two amendments,
(1) excluding government prosecutions
under the antitrust laws from the scope
of the bill, and (2) deletion of the provi-
sions of the original bill requiring con-
sent of the district court from which the
action is transferred before the transfer
is made. This letter reads as follows:

"This is in response to your request
for the views of the Department of
Justice concerning H.R. 8276, a bill
'To provide for the temporary transfer
to a single district for coordinated or
consolidated pretrial proceedings of
civil actions pending in different
districts which involve one or more
common questions of fact, and for
other purposes.'

"The bill would add a new section
1407 to title 28, United States Code,
which would permit the transfer to a
single district for coordinated or con-
solidated pretrial proceedings of civil
actions pending in different districts
which involve one or more common
questions of fact. Such transfer shall
be made by a judicial panel on multi-
district litigation, consisting of seven
circuit and district judges appointed
by the Chief Justice of the United

States, upon determination by the
panel that the transfer will promote
justice and efficient conduct of such
suits. The transfer requires the con-
sent of the court in which the suit is
pending, and each action so transfer-
red shall be remanded by the panel at
or before the conclusion of the pretrial
proceedings to the district from which
it was transferred. The panel may
separate any claim, cross claim,
counterclaim, or third party claim and
remand any of such claims before the
remainder of the action is remanded.

"The coordinated or consolidated
pretrial proceedings shall be conducted
by a judge or judges assigned by the
judicial panel. The panel may request,
for this purpose, the temporary assign-
ment of a circuit or district judge to
the transferee district by the Chief
Justice of the United States or the
chief judge of the circuit. Proceed-
ings for the transfer of an action may
be initiated by the judicial panel by
notice to the parties in all of the
actions concerned of the manner, time
and place of the hearing to determine
whether the transfer shall be made.
The concurrence of four members of
the panel shall be necessary to any
action of the panel. When actions
have been transferred by order of the
panel, no district court refusing to
consent to the transfer of related
litigation may make any order for or

permit discovery in conflict with the discovery proceedings in the transferred actions.

"At present, there is no specific provision governing the conduct of discovery and pretrial proceedings on a consolidated basis. The massive national discovery program, which was established in response to the unprecedented number of electrical equipment treble damage actions, was instituted under the authority of Supreme Court rule-making power, which in turn resulted in a delegation of authority to a coordinating committee of judges for the purpose of working out an appropriate procedure for handling common discovery problems. The bill is an outgrowth of the experience gained under this national discovery program, and is an apparent attempt to codify some of the steps taken thereunder. [For a general discussion of the Program, see Neal and Goldberg, The Electrical Equipment Antitrust Cases: Novel Judicial Administration, 50 A.B.A.J. 621 (1964).]

"This legislation was recommended by the Judicial Conference of the United States. The Department of Justice favors its enactment but suggests that it be amended in two respects.

"We believe that Government prosecutions under the antitrust laws should be excluded from the scope of the measure. If the bill applied to such antitrust actions, it is anticipated that numerous private plaintiffs would file treble damage suits immediately following the filing of a Government suit. In consequence, Government suits filed by this Department would almost certainly be substantially delayed, often to the disadvantage of injured competitors who are awaiting the outcome of the Government suit upon which to predicate their damage actions. Furthermore there is no need for participation of injured competitors at this stage since section

5(b) of the Clayton Act (15 U.S.C. 16 (b)) tolls the running of the statute of limitations on their damage suits while the Government litigation is proceeding. Private plaintiffs may use discovery to uncover information relating only to damages or information that we have already obtained through the use of grand juries, civil investigative demands or informal interviews. Moreover, if we wish to avoid such delay, we may be forced to share with private plaintiffs information already in our possession that we prefer to keep confidential and to relinquish the control of a consolidated discovery proceeding to a private plaintiff's attorney. While exempting the Government from this legislation may occasionally burden defendants because they may have to answer similar questions posed both by the Government and by private parties, this is justified by the importance to the public of securing relief in antitrust cases as quickly as possible. To treat the Government differently is not arbitrary, for the purpose of the governmental suit normally differs from that of a private suit: the Government seeks to protect the public from competitive injury, while private parties are primarily interested in recovering damages for injuries already suffered. We therefore recommend that the Government's civil antitrust suits be exempted from this legislation. On the other hand, the Government's damage suits should be included, for the Government's purpose in bringing such a suit is the same as that of a private party. Accordingly, it is suggested that a new subsection (g) be added to section 1 of the bill to read as follows:

"(g) Nothing in this section shall apply to any action in which the United States is a complainant arising under the antitrust laws. 'Antitrust laws' as used herein include those acts referred to in the Act of October 15, 1914, as amended, (38 Stat. 730; 15 U.S.C. 12), and

also include the Act of June 19, 1936 (49 Stat. 1526; 15 U.S.C. 13, 13a and 13b) and the Act of September 26, 1914, as added March 21, 1938 (52 Stat. 116, 117, 15 U.S.C. 56); but shall not include section 4A of the Act of October 15, 1914, as added July 7, 1955 (69 Stat. 282; 15 U.S.C. 15a).

"Also, we believe that the provision of the bill which requires the consent of the district court from which an action is transferred should be deleted. To require such consent seems superfluous since seven circuit and district judges must consider the proposed transfer and four members of the panel approve it before it can take place. Requiring the consent of the transferor district judge would give a veto power and in essence require voluntary cooperation of all in order to consolidate discovery proceedings.

"The Bureau of the Budget has advised that there is no objection to the submission of this report from the standpoint of the Administration's program."

302 F Supp 795

In re Multidistrict Private Civil Treble
Damage Litigation Involving
PLUMBING FIXTURES.
No. 3.

Judicial Panel on Multidistrict Litigation.
July 30, 1969.

Proceedings on objection to order of transfer. The Judicial Panel on Multidistrict Litigation held that in view of savings from, and convenience of, coordinated or consolidated pretrial proceedings, additional expense of counsel's travel was insufficient to preclude transfer from Illinois to Philadelphia of pretrial conferences in multidistrict private civil treble damage antitrust actions.

Order accordingly.

See also, D.C., 295 F.Supp. 33.

Courts ⟨⫽277.2

In view of savings from, and convenience of, coordinated or consolidated pretrial proceedings, additional expense of counsel's travel was insufficient to preclude transfer from Illinois to Philadelphia of pretrial conferences in multidistrict private civil treble damage antitrust actions. 28 U.S.C.A. § 1407.

Before   ALFRED   P.   MURRAH, Chairman and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

On May 16, 1969, the following treble damage antitrust action was commenced in the United States District Court for the Northern District of Illinois: Michael Kaplan and Walter Mrozinski, etc. v. American Standard, Inc., et al. (69 C 1050). The action was brought by the plaintiffs "on their own behalf as ultimate consumers of products manufactured by defendants and on behalf of all other ultimate consumers of products manufactured by defendants." From the face of the complaint it clearly appeared that this was another of the more than 100 cases which comprise the above-captioned litigation. On May 27, 1969, a *conditional transfer order*[1] was entered transferring this case to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The plaintiffs objected to the transfer of their case and the *conditional transfer order* was stayed "until further order of the Panel." The plaintiffs have advised the Clerk of the Panel that they do not desire a hearing with regard to their objections to the transfer. None of the other parties have requested a hearing. In view of the nature of the plaintiffs' opposition to the transfer and their affirmative waiver of a hearing, none will be required.

The plaintiffs do not contend that their case is different from the other cases in this litigation nor do they urge that common questions of fact do not ex-

1. See In re Gypsum Wallboard Cases, —— F.Supp. —— (Jud.Pan.Mult.Lit.1969) for

a more complete discussion of the *conditional transfer order* and its use.

ist. They oppose the transfer for the following reasons:

1. All of the plaintiffs are Illinois residents and transfer of this matter would be an undue hardship upon them.

2. Plaintiffs are possessed with limited funds and transfer of this matter would result in the cost of this litigation to be very costly to them.

Since there normally is no reason for the parties themselves to be present at pretrial conferences, the only expense and inconvenience the proposed transfer will cause is that necessitated by counsel's travel to Philadelphia for pretrial conferences. This additional expense will be more than offset by savings from and convenience of, coordinated or consolidated pretrial proceedings directed by the transferee judge. In re Antibiotic Drug Cases, 295 F.Supp. 1402, 1404 (Jud.Pan.Mult.Lit.1968) "Of course, it is to the interest of each plaintiff to have all of the proceedings in *his* suit handled in *his* district. But the Panel must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in light of the purposes of the law." In re Library Editions of Childrens' Books, 297 F.Supp. 385, 386 (Jud. Pan.Mult.Lit.1968). Here the sheer number of cases involved, the substantial identity of factual issues and the potentially conflicting class action claims require that *all* cases be transferred to a single district for consolidated or coordinated pretrial proceedings under Section 1407. *Cf.* In re Antibiotic Drug Cases, 299 F.Supp. 1403 (Jud.Pan.Mult. Lit.1969).

It is therefore ordered that the objection to the *conditional transfer order* of May 27, 1969 is overruled; the stay of that order is hereby lifted; and the Clerk of the Panel is directed to transmit that order forthwith to the Clerk of the Eastern District of Pennsylvania for filing and distribution pursuant to Section 1407.

In re Multidistrict Private Civil Treble Damage Litigation Involving PLUMB-ING FIXTURES.

*Arntz Bros. Construction Co., et al. v. American Radiator & Standard Sanitary Corp., et al., California, Northern, Civil Action No. C-69-117.*

No. 3.

Judicial Panel on Multidistrict Litigation.

Jan. 8, 1970.

The Judicial Panel on Multidistrict Litigation held that where action brought on behalf of members of class consisting of all general building contractors in California was transferred to Eastern District of Pennsylvania for co-ordinated or consolidated pretrial proceedings, question of whether action might be maintained as class action should be determined in transferee district.

Stay of execution of transfer order vacated.

1. Courts ⌷277.2

Resolution of potentially conflicting class actions is best made by court to which actions are transferred for coordinated or consolidated pretrial proceedings.

2. Courts ⌷277.2

Potential for conflicting or overlapping class actions presents strong reason for transferring related actions to single district for coordinated or consolidated pretrial proceedings including early resolution of potential conflicts.

3. Courts ⌷277.2

Where action brought on behalf of members of class consisting of all general building contractors in California was transferred to Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings, question of whether action might be maintained as class action should be determined in transferee district.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

### PER CURIAM.

On October 16, 1969, the complaint in the above-captioned civil action was filed in the United States District Court for the Northern District of California. On October 28, 1969, the Panel transferred this action to the Eastern District of Pennsylvania on the basis of the prior hearings[1] and for the reasons stated in the prior memoranda and orders transferring related actions to that district.[2] During the automatic ten day stay of execution[3] counsel for the plaintiff filed a notice of opposition to the transfer. Counsel later filed a response in opposition to the proposed transfer but waived a hearing before the Panel.

This action is brought by 322 named plaintiffs on their own behalf and "on behalf of fellow members of a class which consist of all general building contractors in the State of California, as defined in California Business and Professional Code, Section 7057, who, at any time during the period 1960–1966, inclu-

sive, have been duly licensed to conduct business as a general building contractor (Class B-1) by the California contractors State License Board, and their parent, subsidiary, and affiliated companies."[4]

The plaintiffs' sole reason for opposing the proposed transfer of this action to the Eastern District of Pennsylvania is their belief "that the question of whether plaintiffs' action may be maintained as a class action on behalf of all general building contractors and home developers in the State of California is a question which should be determined by a United States District Judge sitting in California." They urge that if the action is transferred to the Eastern District of Pennsylvania "the determination of the class action issue should be remanded to a California court for determination."

[1–3]   The contention that class action determinations should be left to the transferor court was first advanced in the Plumbing Fixture Litigation and rejected by the Panel.[5]   Our experience since then has reinforced our belief that resolution of potentially conflicting class actions are best made by the transferee court.[6]   Indeed there are at least three other actions[7] with class action claims which are in potential conflict with the

---

1. The original hearing was held on August 8, 1968 and a supplemental hearing was held on October 16, 1968.

2. In re Plumbing Fixture Litigation, 295 F.Supp. 33 (J.P.M.L.1968), 298 F.Supp. 483 (J.P.M.L.1968), 298 F.Supp. 484 (J.P.M.L.1968) and 302 F.Supp. 795 (J.P.M.L.1969).

3. See Rule 12, Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 47 F.R.D. 377, 380.

4. Alternatively, the class is defined "as consisting of all such general building contractors in the Counties of San Francisco, Alameda, Contra Costa, San Mateo, Santa Clara, Santa Cruz, Monterey, San Benito, Marin, Sonoma, Solano, Mendocino, Napa, Sacramento, Yolo, Sutter, Placer, San Joaquin, Stanislaus, Merced,

and Fresno, State of California." (Plaintiffs' complaint, p. 21.)

5. In re Plumbing Fixture Cases, 298 F. Supp. 484 (J.P.M.L.1968).

6. See, for example, In re Antibiotic Drugs, 299 F.Supp. 1403, 1405–1406 (J.P.M.L. 1969).

7. Blake Construction Co., Inc. v. American Standard, Inc., et al. (filed in the District of Columbia and transferred to the Eastern District of Pennsylvania). Lindy Bros. Builders, Inc. of Philadelphia et al. v. American Radiator & Standard Sanitary Corp. et al. (originally filed in the Eastern District of Pennsylvania) and Sam Long, d/b/a Metropolitan Plumbing Co. et al. v. American Radiator & Standard Sanitary Corp. et al. (originally filed in the Northern District of Georgia and transferred to the Eastern District of Pennsylvania.)

claims asserted by these plaintiffs. Such a potential for conflicting or overlapping class actions presents one of the strongest reasons for transferring such related actions to a single district for coordinated or consolidated pretrial proceedings which will include an early resolution of such potential conflicts. Nor are we persuaded that there are unusual circumstances here which would make it especially difficult for a judge sitting in Philadelphia to resolve conflicting class action claims involving California parties.

It is therefore ordered that the stay of execution of the transfer order of October 28, 1969 is hereby vacated and the Clerk of the Panel is directed to transmit forthwith a copy of that order to the Clerk of the Eastern District of Pennsylvania for filing and distribution pursuant to 28 U.S.C. § 1407.

In re Multidistrict Private Civil Treble
Damage Litigation Involving PLUMB-
ING FIXTURES.

*Oklahoma State Home Builders Assoc.,
et al. v. American Radiator & Standard
Sanitary Corp., et al.,* W. D. Okl., Civ–
69–413.

No. 3.

Judicial Panel on Multidistrict Litigation.

Jan. 8, 1970.

As Amended Jan. 26, 1970.

The Judicial Panel on Multidistrict
Litigation transferred multidistrict
plumbing fixtures private treble antitrust
cases for coordinated pretrial proceed-
ings to Eastern District of Pennsylvania
where consolidation of all actions in sin-
gle district would insure that evidence
obtained by government for use in its
criminal prosecution would be uniformly
available and best way of insuring that
there was no conflict between Oklahoma
class action claims and those in other
cases was to have a single judge make
necessary determinations, notwithstand-
ing that only questions of fact may have
concerned damages.

Ordered accordingly.

See also D.C., 295 F.Supp. 33.

1. Courts ⚖ 277.2

Private civil treble damage litiga-
tion involving plumbing fixtures was
transferred from Oklahoma to Pennsyl-
vania for coordinated and consolidated
pretrial proceedings where transfer
would insure that evidence acquired by
the government for use in criminal pros-
ecution would be uniformly available and
best way of insuring lack of conflict be-
tween Oklahoma class action claims and
those in other cases was to have single
judge make necessary determinations,
notwithstanding that only remaining
questions of fact may have concerned

damages. Fed.Rules Civ.Proc. rule 23, 28 U.S.C.A. § 1407; Clayton Act, § 5(a), 15 U.S.C.A. § 16(a).

### 2. Federal Civil Procedure ⚖1383

It was not necessary for parties to multidistrict private civil treble damage litigation involving plumbing fixtures to participate in pretrial conferences held by transferee court in eastern district of Pennsylvania; depositions of Oklahoma parties and witness could be taken in Oklahoma. 28 U.S.C.A. § 1407(b).

———◆———

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

#### PER CURIAM.

A conditional transfer order[1] was entered on September 30, 1969 transferring the above-captioned action from the Western District of Oklahoma to the Eastern District of Pennsylvania for coordinated and consolidated pretrial proceedings under 28 U.S.C. Section 1407. Within the automatic ten day stay of execution of that order the plaintiff filed its opposition to the proposed transfer and moved to vacate the *conditional transfer order.* The transfer was stayed pending further order of the Panel.

Counsel for the plaintiff requested a hearing and the matter was set for hearing at the next session of the Panel which was held in Philadelphia, Pennsylvania on December 8, 1969. Counsel for the plaintiff subsequently waived oral argument on his opposition to the proposed transfer and submitted the issue on the briefs and records.[2]

The plaintiffs present several reasons for keeping their action in the Western District of Oklahoma. Their principal contention initially was that the primary questions of fact relating to liability have been determined as a matter of law under Section 5(a) of the Clayton Act and the only remaining questions of fact concern damages which can be determined more readily on a regional basis. In their reply brief, the plaintiffs modified their position and now urge that since all the evidence offered in the criminal trial in the Western District of Pennsylvania will eventually be available in the private actions, no further discovery as to liability will be necessary. The defendants emphasize that Section 5(a) will apply only to the three (of sixteen) defendants who were *convicted* and then only if the convictions are affirmed on appeal to the Third Circuit.

---

1. See Rule 12, Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 47 F.R.D. 377, 380.

2. At the hearing Mr. Edward W. Mullinix, representing all defendants, spoke briefly in support of the proposed transfer and Mr. Paul D. Scanlon, counsel for the plaintiffs in five actions originally filed in the Eastern District of Virginia and transferred under Section 1407 to the Eastern District of Pennsylvania, spoke briefly in opposition to the transfer. Mr. Scanlon expressed his displeasure with the pace of pretrial proceedings. We would also be distressed by unnecessary and avoidable delays in the proc-

essing of multidistrict litigation transferred to a single court under Section 1407. The plumbing fixture litigation is, however, the most massive multidistrict litigation—over 200 separate actions—being processed under Section 1407 and while several of Mr. Scanlon's cases were filed and transferred more than one year ago, new actions are being filed almost every day. In the past 90 days, 59 new actions have been filed and transferred to the Eastern District of Pennsylvania. It is of course necessary to integrate such newly filed actions into the discovery program underway in the transferee court.

[1]  It can be expected that the evidence acquired by the Government for use in its criminal prosecution will be a major source of evidence for the plaintiffs seeking to establish the existence, scope and effect of the alleged conspiracy. Rather than considering this factor as a reason for declining to transfer a related action, we think it strongly supports such a transfer as the consolidation of all actions in a single district will insure that the Government's evidence will be made available uniformly to all plaintiffs with a minimum of inconvenience to the Government or to the original source of the evidence.[3]

The existence of this pool of potentially relevant evidence has not eliminated the need for further discovery and a comprehensive discovery and deposition program has been developed by the transferee court.  Thus it seems clear that there are many complex questions of fact which will require substantial supplemental discovery and that the transfer of all related actions to a single court for purposes of such discovery and other pretrial proceedings will clearly promote the just and efficient conduct of these actions.

Counsel for the plaintiffs tacitly admits that the discovery going on in Philadelphia is relevant to this action for he has suggested that the defendants provide him with all discovery data produced by them in connection with these coordinated or consolidated pretrial proceedings.  Duplicitous discovery will not

be avoided by giving a new party the benefit of prior coordinated or consolidated pretrial proceedings unless the new party joins in and is bound by such proceedings.  In re Gypsum Wallboard, 303 F.Supp. 510 (J.P.M.L.1969).

A second reason offered by plaintiffs' counsel for *declining* transfer actually *supports* the transfer of this action to the Eastern District of Pennsylvania. This action includes a class action claim under Rule 23, Federal Rules of Civil Procedure, which purportedly is restricted to sales and purchases within the State of Oklahoma by members of a *well defined class*.[4]  Counsel urges that such a class action could be controlled and administered in the Western District of Oklahoma without any conflict with the "shot gun" class action claims in actions previously transferred to or filed in the Eastern District of Pennsylvania.  The determination of whether the requirements of Rule 23—particularly those of Rule 23 (a) (3) and (4)—are fully satisfied and whether this plaintiff should be entitled to maintain its action on behalf of the described class is for the district court and we merely note that the best way of insuring that there is no conflict between the class action claims in this action and those in other *plumbing fixture cases* is to have a *single judge* make the determinations necessary under Rule 23.  In re Plumbing Fixture Cases, 298 F.Supp. 484 (J.P.M.L.1968).

[2]  Finally plaintiffs' counsel urges that the transfer of this action to the Eastern District of Pennsylvania would

3.  We do not mean to suggest how much of the Government's evidence should be made available to the private plaintiffs or under what circumstances.  We do believe that the just and efficient conduct of this multidistrict litigation will be promoted by having a *single judge* decide *all* such questions.

4.  The purported class "consists of approximately five hundred (500) builders of home and apartment dwellings through-

out the State of Oklahoma who have purchased the products described below manufactured by the defendant corporations in the period in suit and have sustained damage thereby as a result of the conspiracy alleged herein, and who are in the main, either individually or by their officers, parent, subsidiary, or affiliated corporations, builder members of the Oklahoma State Home Builders Association and the National Home Builders Association."  (Complaint, Page 2)

352                                           311 FEDERAL SUPPLEMENT

not serve the convenience of the plaintiffs
and their witnesses.[5]  While there may
be some inconvenience and additional ex-
pense caused by the transfer of this ac-
tion to the Eastern District of Pennsyl-
vania, we believe that they will be more
than offset by saving from and conven-
ience of coordinated or consolidated pre-
trial proceedings directed by the trans-

feree judge.  In re Antibiotic Drugs, 295
F.Supp. 1402 (J.P.M.L.1968).

The motion to vacate the conditional
transfer order of September 20, 1969 is
denied and the *stay* of the transfer order
is vacated.  The clerk of the Panel is
directed to transmit that order forthwith
to the clerk of the Eastern District of
Pennsylvania for filing and distribution
pursuant to 28 U.S.C. Section 1407.

---

5.  Counsel seems concerned that all five
    hundred plaintiffs and countless other
    Oklahoma witnesses will be required to
    go to Philadelphia for depositions or other
    pretrial proceedings.  However, there gen-
    erally is no necessity for the *parties* to
    participate in pretrial conferences held
    by the transferee court and depositions

    of Oklahoma parties and witnesses can
    be taken in Oklahoma.  We will, upon
    request of the transferee judge, designate
    a judge to conduct pretrial depositions
    taking place outside of the Eastern Dis-
    trict of Pennsylvania.  28 U.S.C. Section
    1407(b).

**MONSTER MUSIC et al., Plaintiffs,**

v.

**ABBEVILLE RADIO, INC., Defendant.**

**Civ. A. No. 1109-S.**

United States District Court,
M. D. Alabama, S. D.

July 23, 1971.

Calvin M. Whitesell, Montgomery,
Ala., for plaintiffs.

Howard C. Oliver, Hobbs, Copeland,
Franco & Screws, Montgomery, Ala., for
defendant.

### ORDER

VARNER, District Judge.

The attorneys for the Plaintiffs and
Defendant appearing in open Court and
having made known to the Court that by
agreement and consent they respectfully
request the Court to vacate its previous
opinion, order, judgment and decree in
this cause and upon consideration of this
and the other representations made to
the Court; it is, therefore, the

Order, judgment and decree of this
Court that its previous opinion, order,
judgment and decree, D.C., 323 F.Supp.
225, should be vacated and a judgment
entered for and in behalf of the Plain-
tiffs and that the Plaintiffs have and
recover of the Defendant in this cause
judgment in the amount of $250.00 for
each of them, or a total of $1,000.00
with full cost of Court; with no attor-
neys' fees being allowed.

It is further ordered, adjudged and
decreed by this Court that said judg-
ment is suspended subject to the follow-
ing stipulations:

1.) That the Defendant pay to the
attorney for the Plaintiffs, commencing
thirty (30) days from the date of this
order, the sum of $100.00 each month
until the sum of $800.00 shall have been
paid, the same to be in full satisfaction
of this judgment and of all claims be-
tween the parties.

2.) In the event that the Defendant
should default in any of its payments,

then the Plaintiff shall have and recover
the difference between what has been
paid and the amount of this judgment
this date entered upon sworn representa-
tion by the Plaintiff's attorney as to the
amount due.



**In re Multidistrict Private Civil Treble
Damage Litigation Involving PLUMB-
ING FIXTURES.**

*Leslie Plumbing Co., et al. v. Crane Co.,
et al.,* (N.D. Illinois Civil Action No.
71-1099) E.D. Pennsylvania Civil Ac-
tion No. 71-1558.

**No. 3.**

Judicial Panel on Multidistrict Litigation.

Oct. 20, 1971.

The Judicial Panel on Multidistrict
Litigation held that retransfer of multi-
district suit to district from which it was
transferred would not be granted where
ground asserted for retransfer was bias
or prejudice of the transferee trial judge.

Motion for retransfer denied.

**1. Courts ⟝277.2**

Retransfer of multidistrict suit to
district from which it was transferred
would not be granted where ground as-
serted for retransfer was bias or preju-
dice of the transferee trial judge.   28
U.S.C.A. §§ 144, 1407.

**2. Courts ⟝277.2**

The Judicial Panel on Multidistrict
Litigation is not authorized to act as ap-
pellate forum for every litigant disgrun-
tled by rulings of transferee judge.   28
U.S.C.A. §§ 144, 1407.

Before ALFRED P. MURRAH, Chairman* and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III,* and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

### PER CURIAM.

The *Plumbing Fixture Litigation* pending in the Eastern District of Pennsylvania before Judge Alexander Harvey II now consists of approximately 345 actions. Approximately 325 actions have been transferred to Judge Harvey in the Eastern District of Pennsylvania pursuant to the Panel's Rule 12, authorizing the entry of Conditional Transfer Orders in tag-along cases. The *Leslie Plumbing* case, originally filed in the Northern District of Illinois, was thought to be such a tag-along case and a Conditional Transfer Order was entered in that action in May of 1971. After the expiration of time for opposition to transfer under Rule 12, the plaintiffs in this action submitted a motion to vacate which was rejected as untimely. The plaintiffs then filed this Motion to Retransfer the action to the Northern District of Illinois.

Plaintiffs apparently concede the presence of the statutory prerequisite to transfer here and the motion to retransfer is based, not on the absence of common questions of fact, but on the allegation that Judge Harvey is biased against the plaintiffs and all other plumbing contractors. In an affidavit stating the grounds for their allegations, counsel for plaintiffs charges that certain rulings by Judge Harvey could only have been made on the assumption that plumbing contractors suffered no damage from the defendants' alleged price-fixing. It is also asserted that Judge Harvey refused to rule upon a motion to intervene filed by these plaintiffs in an earlier action. For these reasons, plaintiffs insist that a different judge should be assigned to consider pretrial matters in this case. They express their fear that unless the case is remanded by the Panel they may be transferred to the Eastern District of Pennsylvania under Section 1404(a) and required to go to trial before Judge Harvey. If allowed to proceed in the Northern District of Illinois, they assure us that they will "abide" by all discovery taken by the Philadelphia plaintiffs, although some additional discovery may be necessary.

[1, 2] We find that the motion for retransfer must be denied. The plaintiffs request that we decide their motion by passing upon their allegations of bias, and indirectly upon the substantive rulings of Judge Harvey. Although we find little merit in plaintiffs' allegations, we think they must pursue their remedy elsewhere. Plaintiffs have attached an affidavit of bias or prejudice to their motion, but they have not presented it to the district judge, as required by 28 U.S.C. § 144. If plaintiffs seriously intend to press their allegations, they should present their affidavit to Judge Harvey. Section 1407 does not authorize the Panel to act as an appellate forum for every litigant disgruntled by the rulings of a transferee judge.

It is therefore ordered that the plaintiffs' motion for retransfer be denied.

* Although Judges Murrah and Lord were not present at the hearing they have, with the consent of all parties, participated in this decision.

**756**        342 FEDERAL SUPPLEMENT

trial proceedings. After considering the responses of the parties and the arguments presented at hearing, we decline to order transfer at this time. Our decision is without prejudice to the right of any party to move for transfer at a later time or of the Panel to reconsider transfer on its own initiative.

Not all parties to these actions have responded to the order to show cause,[1] but all those who have responded, including Oklahoma plaintiffs and many of the defendants in the Oklahoma actions, favor transfer to a single district. Three of the Oklahoma defendants, Capitol International Airways, C.I.T. Corp. and Goodyear Tire and Rubber Co. have also indicated their preference for the Western District of Oklahoma as transferee district. They urge that the eyewitnesses to the crash, the survivors and the defendants are scattered across the country and that the Western District of Oklahoma is a central geographical forum in which this litigation might be consolidated. The Oklahoma plaintiffs and the other defendants, McDonnell-Douglas, The Bendix Corp., Firestone Tire and Rubber and Hydro-Aire, are also agreeable to selection of that district as transferee district.

Although we think it clear that these cases do share common questions of fact concerning the events surrounding the crash, there are too few actions at this point to justify transfer to a single district for coordinated or consolidated pretrial proceedings. Because of the large number of fatalities and serious injuries resulting from this crash, additional actions on behalf of passengers and crew members are expected. Many of these will be filed and processed in the state courts, but it is likely that at least some of the additional actions will be filed in the United States District Courts throughout the country. We think it premature to decide the question of transfer and to choose the transferee district until more actions have been filed. This decision should not prevent

the parties from voluntarily cooperating in the preparation of the presently pending cases for an early trial.

It is therefore ordered that transfer of the actions listed on the attached Schedule A be, and hereby is, denied, without prejudice to the right of any party to move for transfer at a later time or of the Panel to consider transfer at a later time on its own initiative.

SCHEDULE A

| Eastern District of Oklahoma | |
|---|---|
| Clyde D. Covey, etc. v. C. I. T. Corporation, et al. | Civil Action No. 71–124 |
| **Western District of Oklahoma** | |
| Bill R. Conway v. C. I. T. Corporation, et al. | Civil Action No. CIV–71–454 |
| **Southern District of New York** | |
| Claude C. Turner, etc. v. Capitol International Airways, Inc., et al. | Civil Action No. 71 Civ. 4709 |



**In re PLUMBING FIXTURES LITIGATION.**

*The State of North Carolina v. American Standard Inc., et al., E. D. North Carolina, Civil Action No. 2844.*

**No. 3.**

Judicial Panel on Multidistrict Litigation.

May 5, 1972.

The Judicial Panel on Multidistrict Litigation transferred plumbing fixture case for coordinated or consolidated pretrial proceedings to Eastern District of Pennsylvania where approximately 370 actions were pending in that District as a part of the litigation and plaintiff state's fears that transferee court would not apply laws of circuit in which action was filed in deciding whether state could

---

1. No response has been received from plaintiff in the Southern District of New York action.

maintain treble damage action against defendants under provision of Clayton Act were groundless.

Order accordingly.

**1. Action ⟺17**

Substantive law of transferor forum will apply after transfer for coordinated or consolidated pretrial proceedings. 28 U.S.C.A. § 1407.

**2. Courts ⟺277.2**

Plumbing fixtures case was transferred for coordinated or consolidated pretrial proceedings to the Eastern District of Pennsylvania where 370 actions were pending in that District as part of the litigation and plaintiff state's fears that transferee court would not apply laws of circuit in which action was filed in deciding whether state could maintain treble damage action against defendants under provision of Clayton Act were groundless. Clayton Act, § 4, 15 U.S.C.A. § 15; 28 U.S.C.A. § 1407.

―――――◆―――――

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

In 1968 the Panel filed its initial Opinion and Order in the Plumbing Fixtures Litigation, transferring 37 actions to the Eastern District of Pennsyl-

vania for pretrial proceedings with two related actions pending in that district.[1] Since that time additional actions have been transferred [2] and there are approximately 370 actions pending in that district as a part of the litigation. The State of North Carolina recently filed an action against defendants in this litigation in the Eastern District of North Carolina, seeking recovery as *parens patriae* on behalf of all individual consumers within the state and also as Rule 23 class representative on behalf of all governmental entities within the state.

A conditional transfer order was entered in the North Carolina action by the Clerk of the Panel, acting pursuant to the Panel's Rule 12, 53 F.R.D. 119. North Carolina filed a timely opposition to the proposed transfer and moved to vacate the conditional transfer order. Defendants opposed that motion and urged transfer of the action to the Eastern District of Pennsylvania. At the initial argument on this matter North Carolina did not dispute that its action was substantially similar to the actions now pending before Judge Harvey. It did assert, however, that the proposed transfer might deprive it of a fair opportunity to present its claim for relief, noting that Section 1407 requires transfer only where it will "promote the *just* and efficient conduct of the action." 28 U.S.C. § 1407(a). [Emphasis added]

North Carolina argued that in its previous decisions [3] the transferee court dismissed claims similar to those asserted in this complaint. And in reaching those decisions the transferee court is said to have interpreted the requirements of Section 4 of the Clayton Act,

―――――――――――

* Judges Wisdom and Becker were unable to attend the Panel hearing but have, with the consent of all parties, participated in this decision.

1. In re Plumbing Fixtures Litigation, 295 F.Supp. 33 (Jud.Pan.Mult.Lit.1968).

2. *See* In re Plumbing Fixtures Litigation, 298 F.Supp. 483 (Jud.Pan.Mult.Lit. 1968); 298 F.Supp. 484 (Jud.Pan.Mult. Lit.1968); 302 F.Supp. 795 (Jud.Pan.

Mult.Lit.1969); 308 F.Supp. 242 (Jud. Pan.Mult.Lit.1970); 311 F.Supp. 349 (Jud.Pan.Mult.Lit.1970); 332 F.Supp. 1047 (Jud.Pan.Mult.Lit.1971).

3. Maricopa County v. American Radiator & Standard Sanitary Corp., 323 F.Supp. 381 (E.D.Pa.1970); Mangano v. American Radiator & Standard Sanitary Corp., 50 F.R.D. 13, aff'd, 438 F.2d 1187 (3d Cir. 1971).

15 U.S.C. § 15,[4] less favorably to antitrust plaintiffs than to courts of the transferor district and circuit.[5] Accordingly, North Carolina contended that transfer will result in the dismissal of its claims as too remote in the plumbing fixtures chain of distribution to support recovery of damages while denial of transfer will assure that the allegedly more generous law of the transferor circuit is applied to its case.

After the initial hearing the Panel vacated the conditional transfer order and reserved decision of the transfer question to give the parties an opportunity to obtain a ruling from the transferor court concerning the standing of North Carolina to bring this action.[6]

Defendants now move for reconsideration or clarification of the Panel's order. Their primary contention is that the matter should be reconsidered and the North Carolina action transferred. We have determined, on the basis of the briefs and arguments, that the motion for reconsideration should be granted and the action transferred to the Eastern District of Pennsylvania.

[1, 2] The sole basis for opposing transfer is North Carolina's fear that the transferee court will not apply the laws of the circuit in which its action was filed in deciding whether the state can maintain a treble damage action against these defendants under Section 4 of the Clayton Act. In our view these fears are groundless. It is clear that the substantive law of the transferor forum will apply after transfer, Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Indeed, the

transferee court has expressly affirmed this point. Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 309 F.Supp. 1053, 1055 (E.D.Pa.1969). Since North Carolina does not deny that its action is otherwise appropriate for transfer, it must be transferred for pretrial proceedings with the other actions.

It is therefore ordered that the action, State of North Carolina v. American Standard Inc., et al., E.D. North Carolina, Civil Action No. 2844, be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the prior consent of that court, is assigned to the Honorable Alexander Harvey II for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the related actions pending in that district.



---

### In re FOUR SEASONS SECURITIES LAWS LITIGATION.

*M. G. Development Co. v. Kohlmeyer & Co., Inc., et al., W. D. Oklahoma, Civil Action No. Civ–71–355.*

No. 55.

Judicial Panel on Multidistrict Litigation.

April 21, 1972.

Plaintiff in action which had been transferred for coordinated or consolidated pretrial proceedings sought re-

---

4. Section 4 provides:
   "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover three-fold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee. Oct. 15, 1914, c. 323, § 4, 38 Stat. 731."

5. In support of this contention, North Carolina cites South Carolina Council of Milk Producers v. Newton, 360 F.2d 414 (4th Cir. 1966) and ABA, Antitrust Developments 1955–68, 280 n. 52.

6. Part of defendants' argument for reconsideration of this order is based on the alleged ambiguity of the word "standing." In view of our disposition of the motion, it is unnecessary to discuss this point further.